IN THE UNITED STATES FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ERIKA KINSEY,<br><br>   Plaintiff,<br><br>v.<br><br>WATER FOR LIVING, LLC,<br><br>   Defendant. | Case No.: 5:21-cv-1627-SL<br><br>**ANSWER TO COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

  Defendant Water for Living, LLC, by and through its attorneys, Duff Law PLLC, states the following as its Answer to Plaintiff's Complaint:

  1. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the same.

  2. Admitted.

  3. Admitted.

  4. Admitted.

  5. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

  6. Admitted.

  7. Defendant admits that jurisdiction and venue are proper in this judicial district but deny the remaining allegations in Paragraph 7.

  8. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

  9. Admitted.

  10. Admitted.

11. Admitted.

12. Defendant admits only that the document speaks for itself.

13. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14. Admitted that Defendant terminated the agreement; denied that Defendant did so without cause.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17. Defendant incorporates by reference its answers to Paragraphs 1-16.

18. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22. The allegations in Paragraph 22 state a legal conclusion to which no answer is required.

23. The allegations in paragraph 23 state a legal conclusion to which no answer is required.

24. Defendant denies the allegations in Paragraph 24.

25. The allegations in Paragraph 25 state a legal conclusion to which no answer is required.

26. Defendant incorporates by reference its answers to Paragraphs 1-25.

27. The allegations in Paragraph 27 do not require an answer to the extent that they state a legal conclusion; otherwise denied.

28. The allegations in Paragraph 28 do not require an answer to the extent that they state a legal conclusion; otherwise denied.

29. The allegations in Paragraph 29 state a legal conclusion to which no answer is required.

30. The allegations in Paragraph 30 state a legal conclusion to which no answer is required.

31. Defendant incorporates by reference its answers to Paragraphs 1-30.

32. The allegations in Paragraph 32 do not require an answer to the extent that they state a legal conclusion; otherwise denied.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies the same.

35. Defendant incorporates by reference its answers to Paragraphs 1-34.

36. The allegations in Paragraph 36 do not require an answer to the extent that they state a legal conclusion; otherwise denied.

37. The allegations in Paragraph 37 do not require an answer to the extent that they state a legal conclusion; otherwise denied.

38. The allegations in Paragraph 38 do not require an answer to the extent that they state a legal conclusion; otherwise denied.

39. Any allegations not specifically admitted are denied.

## ADDITONAL AND AFFIRMATIVE DEFENSES

1. One or more of the counts set forth in Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, insofar as she has refused to mitigate any alleged damages.

3. The Complaint is barred by the doctrines of waiver, estoppel, laches, and payment.

4. Defendant reserves the right to assert additional defenses based on information learned or obtained during discovery.

December 3, 2021

Respectfully Submitted,

CAVITCH FAMILO & DURKIN CO., L.P.A

*/s/ Michael C. Cohan*
Michael C. Cohan (0013542)
mcohan@cavitch.com
Robert A. West, Jr. (0078379)
rwest@cavitch.com
1300 East Ninth Street, Twentieth Floor
Cleveland, Ohio 44114
Telephone:   (216) 621-7860
Facsimile:    (216) 621-3415
*Attorneys for Defendant Water for Living, LLC*

*/s/ Anderson J. Duff*
Anderson J. Duff (NY Bar No. 4860383)
ajd@hoganduff.com
DUFF LAW PLLC
43-10 Crescent St., Suite 1217
New York, New York 11101
Telephone:    (646) 450-3607

4

        Facsimile:   (917) 920-4217
*Attorney for Defendant Water for Living, LLC (pro hac vice admission to be obtained)*
(Pro Hac Vice Application Forthcoming)

## JURY DEMAND

Plaintiff respectfully requests a Jury in the maximum number allowed by law at the time of the Trial of this matter on any disputed issue of material fact.

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on this 3rd day of December, 2021. Notice of this filing will be sent by the Court's electronic filing system. Parties may access this filing through the Court's system.

        */s/ Michael C. Cohan*
        Michael C. Cohan (0013542)
        *One of the Attorneys for Defendant Water for Living, LLC*